RALPH C. HITCHCOCK, PETITIONER, ET AL.,* *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13617, 13618, 13619, 13620, 13621, 13622, 13623.

Promulgated January 24, 1949.

*R. H. Fryberger, Esq.*, for the petitioners.
*Harold H. Hart, Esq.*, for the respondent.

---

*Proceedings of the following petitioners are consolidated herewith: Harold M. Hitchcock; Carleton C. Hitchcock; Claude R. Hitchcock; Margaret Ann Hitchcock; Ralph C. Hitchcock, Jr.; and Lucy Utter Hitchcock.

**OPINION.**

ARUNDELL, *Judge*: The sole issue presented in this proceeding is whether four children of the petitioner, namely, Claude, Margaret, Ralph, Jr., and Lucy, were bona fide partners for income tax purposes during the years 1942, 1943, and 1944, in the limited partnership known as R. C. Hitchcock & Sons. Respondent has included in the taxable income of the petitioner the partnership income distributable to those children in each of those years, contending that their inclusion in the partnership served no business purpose and was solely a superficial arrangement for allocating business income among an intimate family group.

The principle applicable to the taxability of a family partnership of the type presented in the present case was concisely stated in *Belcher* v. *Commissioner*, 162 Fed. (2d) 974, 976, as follows:

> Notwithstanding the fact that there is no Federal statute which makes the gift of a partnership interest to a member of the taxpayer's family illegal, or that expressly lays the tax upon a husband or father who makes a lawful gift of a partnership interest to members of his family, and although it has long been, and is still, the law that a taxpayer has the right to avoid or lessen his taxes by means that are lawfully available, it is now well settled that such means must be realities, not shams, substance, not shadows. Family partnerships are not ipso facto illegal under Federal law but such partnerships must be shown to be accompanied by investment of capital, participation in management, rendition of services by the family partners, or by such other indicia as will definitely demonstrate the actuality, the reality, and the bona fides of the arrangement.

The record demonstrates beyond any doubt that petitioner's four children, Claude, Margaret, Ralph, Jr., and Lucy, in no way participated in the management of the partnership business or rendered any services in its operation.

We have stated in our findings that petitioner's conveyance of the one-seventh interest in the real and personal property used in the business to each of his four younger children was not a valid gift *in praesenti*. The evidence shows that the so-called gifts were made "solely on condition that the business shall continue, shall remain intact, and continue to operate as it has in the past, and that the interests received therein by each of his said children shall be and remain as part of said business" and on the condition that the court authorized him as guardian to retain the property as an investment of the funds of the minors. Partnership earnings were payable to each of the four children as limited partners only, "as determined by the General Partners," and then after reasonable wages or salaries had been fixed by and paid to the general partners. As a limited partner each of the four children was denied the "right to substitute an assignee as contributor in his place except by the unanimous consent of all the Limited Partners in writing and filed with the General Partners." These documents, taken in their entirety, negative any suggestion that the petitioner, as donor, intended to absolutely and irrevocably divest himself of the dominion and control of the subject matter of his purported gifts. Thus, the property conditionally conveyed by the petitioner to his children did not constitute capital contributions originating with them when it was subsequently transferred to the newly formed partnership.

It is also interesting to note in passing that the District Court for the Fourth Judicial District of Minnesota, in *State of Minnesota* v. *Hitchcock*, upheld the State in its imposition of an additional income tax for the year 1942, charging the petitioner on the entire income of the business except the portion given to his two eldest sons. The decision of the district court, which is part of the record in the instant proceeding, indicates that that court, upon substantially the same facts as now confront us, made the following conclusions of law:

That the conditional and incomplete transfer by defendant to Claude R. Hitchcock, Margaret Ann Hitchcock, Ralph C. Hitchcock, Jr. and Lucy Utter Hitchcock, was ineffective for income tax purposes to divest defendant of title, dominion and control of the subject of the gift, and that such title, dominion and control remained in defendant.

That no real and valid partnership was created by the execution of articles of partnership on June 2, 1941, as respects said Claude R. Hitchcock, Margaret Ann Hitchcock, Ralph N. Hitchcock, Jr., and Lucy Utter Hitchcock, and that defendant is liable for payment of a tax upon net earnings of the business in the sum of $91,068.80, distributed as aforesaid to the said four children under the agreement of partnership.

However, petitioner submits that capital was contributed by each of these children subsequent to the formation of the partnership by virtue of the distributable earnings of each that were left in the business. In our opinion, this argument possesses little merit when applied to

the facts in the instant case. This is not a case where the children were at liberty at any time to withdraw or assign their interests in the business or where they possessed an unqualified right to receive their full share of each year's earnings. We think it time to meet petitioner's argument on this point when a case is presented wherein the donees' rights and interests are more definitive and uncontrolled.

Petitioner also contends that he divested himself of the control and operation of the business under the partnership agreement and attempts on this ground to distinguish the facts in the instant case from those presented in *Commissioner* v. *Tower*, 327 U. S. 280. In that case it was pointed out that the taxpayer, under the partnership agreement, continued to have the controlling voice in the business as to purchases, sales, salaries, the time of distribution of income, and all other essentials. After the partnership agreement in question was consummated, the petitioner legally possessed power to control the partnership only as one of three general partners. However, the other two general partners, who, together with petitioner, could exercise complete control over the policies and operation of the business, were his two eldest sons, who had been engaged in business with their father since leaving school. The Court in the *Tower* case observed that transactions between husband and wife calculated to reduce family taxes should always be subjected to special scrutiny. In our opinion, this principle is equally applicable to a partnership between a father and his children. By requiring the unanimous consent of all the limited partners before any partner had the right to assign his interest, the petitioner was secure in his purported desire that the partnership would remain in the control of his family. Although petitioner relinquished some measure of control to Harold and Carleton, the other four children obtained no greater control over their father's business by virtue of the partnership agreement than they possessed in the business he operated as a sole proprietorship.

Petitioner points out that the Court in the *Tower* case stated that the issue in such case is, "Who earned the income?" Petitioner goes to great lengths in an effort to demonstrate that the partnership income was largely earned by his two sons, Claude and Harold, and not by himself. Without underestimating the contribution made by these two boys to the success of the business, it is our opinion that a variety of circumstances was responsible for the large earnings of the taxable years. During these years, the Nation was at war and practically all of the profits earned by the partnership were realized on war contracts. Although personal services are of value in a business of this type, the capital necessary to establish and operate such a business is of equal importance. In our opinion, the earnings of the partnership were the result of a combination of the efforts of the

sons and the established business built up by petitioner over the past twenty-five years.

One fact made abundantly clear from the evidence is that the four youngest children contributed nothing towards this end. It should also be noted that the respondent recognizes the fact that Harold and Carleton rendered valuable services throughout the years in question and no effort is being made by him to tax their distributable shares of partnership income to the father.

While it may be, as petitioner contends, that the occasion for the distribution of his property was on the urging of his two eldest sons, we think that the transfers to the four other children were purposely made in a manner to retain in petitioner a substantial control over such property and to permit him to enjoy the tax advantages that might arise in the conduct of the partnership. It is interesting to note, as set out in our findings, that, with the establishment of the partnership, petitioner no longer carried out his duty to support and maintain his minor children, but transferred portions of their purported earnings to his own account to cover expenditures he made for their board and keep. In fact, he followed the same practice with reference to his son Claude and his daughter Margaret after the latter had quit school to undertake the management of his household and the care of the minor children.

On the facts of the whole record, it is our opinion that Claude, Margaret, Ralph, Jr., and Lucy were not bona fide members of the partnership in question and that the respondent's determination that petitioner is taxable on the four-sevenths of the partnership income distributed to these children during the taxable years in issue must be sustained. To permit the readjustment of depreciation as stipulated by the parties herein and to permit the respondent to effect refunds of the income taxes paid by each of the four youngest children on the partnership income allocated to them in each of the taxable years before us,

*Decisions will be entered under Rule 50.*